## MARTIN et al. v. BROWN et al.

### (District Court, D. Colorado. August 7, 1922.)

1. **Descent and distribution ⬤⟿82—No relief against persons who did not become connected with transaction until after the fraud.**

    Heirs, who were induced by fraud of other heirs to enter into an agreement providing for the transfer of ancestor's business to corporation to be organized, *held*, on the facts alleged, not entitled to relief against the subsequently organized corporation and other parties, who did not become connected with the transaction until after such contract had been entered into.

2. **Courts ⬤⟿347—Bills should not contain statements of law, argumentative expressions, and allegations of business transactions on which court cannot pass judgment.**

    Under equity rule No. 25 (198 Fed. xxv, 115 C. C. A. xxv), a bill should not contain statements of law, argumentative expressions, and allegations of mere business transactions, the wisdom of which it is not proper for the court to pass upon.

3. **Descent and distribution ⬤⟿82—Action of brothers, in whom younger sisters had confidence, in inducing sisters to join in agreement for transfer of deceased father's business to corporation, held fraudulent.**

    Action of brothers, who were father's executors, in inducing younger sisters, whom they knew to be without business experience, and who were relying with full confidence on the judgment and advice of such brothers, to join in execution of contract providing for the transfer of father's business to a corporation to be organized by such brothers and others, *held* fraudulent.

In Equity. Bill by Alice Brown Martin and another against Frederick Sidney Brown and others. On motions of defendants to strike and dismiss bill. Bill dismissed as to certain defendants, with leave to plaintiffs to amend bill as to other defendants. Motions to strike certain paragraphs of bill granted. Other motions denied.

T. J. O'Donnell, of Denver, Colo., for plaintiffs.

Devine, Preston & Storer, of Pueblo, Colo., and William V. Hodges, George L. Hodges, and Henry C. Vidal, all of Denver, Colo., for defendants.

SYMES, District Judge. This matter is now before the court on the various motions to strike and dismiss, filed partly by individual defendants, and partly by certain groups of defendants jointly. For the sake of clarity at this time the defendants will be considered in two groups: In the first, Frederick Sidney Brown, J. Sidney Brown, Carroll Teller Brown, Edward Newton Brown, William Knight Brown, the J. S. Brown & Bro. Mercantile Company, and Franklin T. Metzler; the second group, the J. S. Brown Mercantile Company, the J. S. Brown Grocery Company, the Shields-Metzler Grocery Co., John O. Spicer, James M. Metzler, and William H. Parry. The German-American Trust Company is a nominal party.

It appears from the bill that the late John Sidney Brown during his lifetime built up a profitable and extensive wholesale grocery business, which he was conducting at the time of his death, under the name of

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the J. S. Brown & Bro. Mercantile Company. After his death all of the heirs, including the plaintiffs, agreed (Exhibit A) that the grocery and mercantile business should be segregated and transferred to a new corporation. This left in the original company certain assets that did not have to do with the grocery business and a substantial stock interest in the new company, the J. S. Brown Mercantile Company. The agreement (Exhibit A) was duly presented to the court administering the estate, and at the request of all the heirs it was ordered the said agreement be carried out. Thereupon the defendants Franklin T. Metzler, John O. Spicer, James M. Metzler, and William H. Parry, together with certain of the heirs, organized the J. S. Brown Mercantile Company. The grocery business and $150,000 in bills receivable of the J. S. Brown & Bro. Mercantile Company were transferred to it in exchange for a large block of the preferred and common stock of the new company. In addition, some common stock of the new company was sold to the defendants Franklin T. Metzler, John O. Spicer, James M. Metzler, and William H. Parry for a consideration paid partly in cash and partly by notes secured by the stock. This transaction took place in 1913, and was all in accordance with the agreement of the heirs and authority granted by the probate court.

The plaintiffs, two of the heirs, now allege that they signed Exhibit A without knowing what it was, without knowledge of their rights as heirs of said estate; that they were induced to consent to Exhibit A by their brothers, and in reliance upon the confidential relationship and trust that had always existed between them. They also allege that certain indefinite misrepresentations were made to them by certain of their brothers. There is no charge that the second group of defendants had anything to do directly or indirectly with obtaining their consent to the agreement (Exhibit A), or inducing them to sign it, and as far as the complaint shows this group were entire strangers to the negotiations that resulted in the execution of the contract. There is no allegation that it was not carried out as agreed, or that the consideration was inadequate. Plaintiffs allege that the second group of defendants, together with certain of their brothers, have been, and now are, in absolute control of the new company, and have carried on the grocery business ever since, and do not deny but that they have received benefits resulting therefrom.

[1] There are no definite allegations connecting the second group of defendants in any way with the acts of alleged fraud, misrepresentation, and mismanagement that they charged their brothers with. They came upon the scene after the agreement had been entered into. No confidential or trust relation existed between the plaintiffs and the second group of defendants. The fact, even if established, that the plaintiffs were wholly ignorant of their rights, and without business experience of any nature, that the effect of Exhibit A and the advantages of the same were fraudulently represented to them, that they were induced to consent and sign it by reason of the fraud and misrepresentations of their brothers, cannot be availed of against the second group of defendants. The conduct of the plaintiffs, as shown by their bill, effectively prevents them from now interfering with any

property or rights acquired by the second group of defendants in reliance upon Exhibit A.

[2] The bill is unnecessarily long, and equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv) has not been sufficiently in the mind of the pleader. It contains statements of law, argumentative expressions, and allegations of mere business transactions, the wisdom of which it is not proper for the court to pass upon. Statements of this kind are condemned under the rules. In Western Union Telegraph Co. v. Louisville & Nashville R. R., 250 Fed. at page 201, 162 C. C. A. at page 337, the court says:

"The statements of the matters just enumerated were out of place in a pleading, the function of which is to raise or meet issues of law or of fact. Much, if not all, of it could properly have been stricken out as redundant or impertinent matter."

For these reasons the motions of the defendants the J. S. Brown Mercantile Company, the J. S. Brown Grocery Company, the Shields-Metzler Grocery Company, John O. Spicer, James M. Metzler, and William H. Parry to dismiss the bill as against them should be granted.

[3] In regard to the first group of defendants, with the exception of Franklin T. Metzler, the situation is different. On account of the relationship existing between them, the defendants' conduct (which would not necessarily be objectionable in the absence of such relationship) may very properly be deemed fraudulent, if established. They occupied the position, with respect to their two sisters, of executors, older brothers, and confidential advisers, and it is charged knew at the time of the death of their father that they, the plaintiffs, had had no business experience, and had every reason to rely with full confidence upon their judgment and advice.

The defendant Franklin T. Metzler, although a stranger to the plaintiffs, and occupying no relation of trust toward them, became, according to the bill, after the execution of Exhibit A, a director of the J. S. Brown & Bro. Mercantile Company, and was actively associated with the first group of defendants in the alleged mismanagement of the affairs of the defendant the J. S. Brown & Bro. Mercantile Company. The bill, therefore, as to him, will not at the present time be dismissed. The bill will be dismissed as to the defendants the J. S. Brown Mercantile Company, the J. S. Brown Grocery Company, the Shields-Metzler Grocery Company, John O. Spicer, James M. Metzler, and William H. Parry.

Paragraphs 2, 3, 4, 6, 7, 8, 9, 12, 14, 15, 16, 19, 21, 23, 26, 28, 29, 30, 33, 34, 35, 36, 39, 40, 41, 42, 43, and 44 of the motion of the J. S. Brown & Bro. Mercantile Company, Frederick Sidney Brown, J. Sidney Brown, Carroll Teller Brown, Edward Newton Brown, and William Knight Brown to strike are granted. All other motions are denied. Plaintiffs may have 30 days to amend their bill in accordance with rule 20 (198 Fed. xxiv, 115 C. C. A. xxiv), in default of which it will be dismissed.